Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 340 | **DATE** | 8/31/2001 |
| **CASE TITLE** | H. vs. Lansing Public Schools Dist No. 158 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and order. Plaintiff's motion for summary judgment in support of complaint petition [129-1] is denied. Defendant's motion for summary judgment [32-1] is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | SEP 05 2001 date docketed | |
| ✓ | Notices mailed by judge's staff. | | | 43 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | | 8/31/2001 date mailed notice | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 SEP -4 AM 11: 35 | | |
| | Copy to judge/magistrate judge. | | | |
| SM courtroom deputy's initials | | Date/time received in central Clerk's Office | SM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA H., by his parents and next friends, Mr. and Mrs. H. <br><br> Plaintiffs, <br><br> v. <br><br> LANSING PUBLIC SCHOOLS, DISTRICT NO. 158 <br><br> Defendant. | Case No. 00 C 340 <br><br> Magistrate Judge Ian H. Levin <br><br> **DOCKETED** <br> SEP - 5 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mr. and Mrs. H., on their own behalf and behalf of their minor son, Joshua, seek recovery of attorney's fees and costs as a "prevailing party" pursuant to § 1415(i)(3) of the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. Before the court are the parties cross-motions for summary judgment. For the reasons set forth below, the court grants Defendant's motion for summary judgment and denies Plaintiffs' motion for summary judgment.

## BACKGROUND FACTS

Joshua was a student in Lansing School District No. 158 who became eligible for special education services in 1997, when he was in the fourth grade. Def.'s Local Rule 56.1 St. ¶ 1, 2. Joshua was eligible to receive special education services because he was identified as a student with a handicap; namely, a mild learning disability. *Id.* ¶ 2.

On January 12, 1999, when Joshua was in the fifth grade, Plaintiffs filed a request for a due process hearing. Def.'s Local Rule 56.1 St. ¶ 3. Part of the relief sought by Plaintiffs was an

extended school year placement for Joshua at the Learning Clinic, a private out-of-district facility. *Id.*

On March 12, 1999, the District's attorney Karl Ottosen sent a written settlement offer to Plaintiffs' attorney to resolve the issues raised in the due process request. Def.'s Local Rule 56.1 St. ¶ 4. Paragraph 7 of the letter stated that "School District No. 158 summer school program is available for Josh." *Id.* ¶ 5. The District's summer school program was a remedial program in reading, writing and math that consisted of three hours of instruction per day for 15 days. *Id.* ¶¶ 5, 10. Moreover, as required by law, in order to provide a Free Appropriate Public Education ("FAPE"), the District would not charge Joshua to attend its summer school program. *Id.* ¶ 5.

At a March 18, 1999 mediation session, the parties, their attorneys and various school officials met to discuss the District's settlement offer. Def.'s Local Rule 56.1 St. ¶ 6. At the session, Deborah Lambeth, the District's Director of Special Education, emphasized that the District would waive the $50.00 cost of the summer school program and provide transportation, if needed, so that Joshua could attend the summer school program. *Id.* ¶¶ 7, 8.

Independent of the District's settlement offer, Joshua's classroom teacher recommended that he attend the District's 1999 summer school program. Def.'s Local Rule 56.1 St. ¶ 9. This was consistent with the District's recommendation that Joshua attend its summer school program in previous years. *Id.* Joshua had attended summer school four out of the past five summers. *Id.*

Plaintiffs' rejected the District's settlement offer. Def.'s Local Rule 56.1 St. ¶ 11. Subsequently, at the May, 1999 due process hearing, Plaintiffs requested that Joshua receive one-on-one instruction at the Learning Clinic. *Id.* In addition, Plaintiffs requested that Joshua receive social work services as part of his extended school year. *Id.*

On June 1, 1999, in an Interim Order, Hearing Officer Vivian Gordon denied Plaintiffs' request to place Joshua at the Learning Clinic for extended school year services. Def.'s Local Rule 56.1 St. ¶ 13. The Interim Order states that "it is the finding herein that the offering by the School District is calculated to provide educational benefit and therefore it will not be required to provide a placement at the Learning Clinic." *Id.* ¶ 14. Hearing Officer Gordon further determined that the Learning Clinic was not the least restrictive environment for Joshua's summer school placement. *Id.*

The Interim Order, further, provided that, "it is herein found that the School District's Summer Developmental/Remedial Program is the appropriate extended school year service for this student, with the incorporation of suggested modifications consistent with the Student's Individualized Educational Plan ("IEP"), as applicable." Def.'s Local Rule 56.1 St. ¶ 15. In addition, with respect to the use of a multi-sensory approach, the Interim Order states, " . . . in testimony by the Principal of the Student's school, who explained the summer program, it appears the classes are smaller, a multi-sensory approach will be used including computers, and that the classes are designed to address remedial problems students may be having." *Id.* ¶ 16. Moreover, with regard to the regular curriculum, the Interim Order states, "[i]t also appears that it would take very little modification for the School District to incorporate the suggestions addressed in the Student's IEP, where applicable, including use of markers when the Student reads, and drafting of fewer problems on a math page for this Student." *Id.* ¶ 17. Hearing Officer Gordon also denied Plaintiffs' request for social work services during the summer. *Id.* ¶ 18.

Plaintiffs' objected to Joshua's placement in the District's summer school program and filed a motion for clarification, requesting, *inter alia,* clarification of the terms "summer school" and

"extended school year." Def.'s Local Rule 56.1 St. ¶ 19. In her Clarification of Decision and Order re: Extended School Year, Hearing Officer Gordon explained that "the terms "summer school" and "extended school year" were interchangeable for purposes of understanding the Decision and Order. *Id.* ¶ 20. Plaintiffs' did not appeal the Interim Decision and Order. *Id.* ¶ 22.

Joshua attended five days of the District's 15 day summer school program. Def.'s Local Rule 56.1 St. ¶ 23. On June 23, 1999, Joshua's mother hand-delivered a note to the District Director, Deborah Lambeth, informing her that the District's summer school program "does not meet Josh's unique needs..." and "is inappropriate..." *Id.* ¶ 24. Plaintiffs withdrew Joshua from the summer school program and placed him at the Learning Clinic. *Id.* On June 29, 1999, District Director Lambeth wrote to Plaintiffs asking them to reconsider and allow Joshua to attend the remainder of the summer school program. *Id.* ¶ 25. Plaintiffs did not return Joshua to the District's summer school program. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party had produced evidence to show that it is entitled to summary judgment, the party seeking to avoid such judgment must affirmatively demonstrate that a genuine issue of material fact remains for trial. *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 920 (7th Cir. 1997).

In deciding a motion for summary judgment, a court must "review the record in the light most

favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 964 (7th Cir. 1998). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Nevertheless, the nonmovant may not rest upon mere allegations, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also Linc*, 129 F.3d at 920. A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, 106 S.Ct. 2505 or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

## ANALYSIS

### I. PLAINTIFFS ARE NOT A "PREVAILING PARTY" UNDER § 1415.

In this case, Plaintiffs argue that they are a "prevailing party" entitled to attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B). Specifically, Plaintiffs' principal argument is that they are a "prevailing party" because they received the benefit they sought pertaining to the issue of extended school year services for Joshua. Pls.' Br. at 12. In addition, Plaintiffs assert that Joshua would not have been eligible for an extended school year program and would not have been offered an extended school year program, but for the due process hearing, and that the District willfully disregarded the procedural safeguards of the IDEA statute by not considering extended school year services for Joshua during IEP meetings. *Id.* at 12-13.

Defendant, however, asserts that Plaintiffs gained no benefit because the services offered to Joshua before the due process hearing were identical to those ordered by the Hearing Officer as a

5

result of the hearing. Def.'s' Reply at 1. Therefore, Defendant assert that because Plaintiffs received none of the benefits they sought at the due process hearing, they do not do not qualify as a "prevailing party." Def.'s Mem. at 2.

A "fee award is permissible" if "the plaintiff has crossed the 'statutory threshold' of prevailing party status." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). A plaintiff qualifies as a "prevailing party" if he succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citation and internal quotation omitted). A "prevailing party," therefore, "must obtain at least some relief on the merits of [its] claim." *Farrah v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).[1] "In short a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12, 113 S.Ct. 566.

Plaintiffs do not meet the "prevailing party" standard because they did not receive any of the benefit they sought pertaining to the issue of an extended school year for Joshua. Plaintiffs sought to have Joshua placed at the Learning Clinic, a private facility where he would receive three hours of services per week during the summer school program. Interim Order at 7. Plaintiffs also requested

---

[1] *Texas St. Teachers Ass'n*, *Hensley* and *Farrah* are cases dealing with 42 U.S.C. § 1988 which provide for the award of attorney's fees to "prevailing parties" in civil rights cases. These cases, however, guide the court's interpretation of the meaning of "prevailing party" under the IDEA. *See Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. 1933 ("[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). *See, e.g, Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 908 n.5 (7th Cir. 1996) ("[o]ur Court has frequently relied on case law construing §1988 in the context of awards of attorneys' fees under the IDEA, and we have held that the term 'prevailing party' has the same meaning under both statutes").

6

that the District provide social work services to Joshua during the summer. *Id.* at 9. The District, however, recommended that Joshua attend "the School District's developmental remedial summer school program . . . offering reading, math and writing coursework for three hours daily." *Id.* at 7. The District's proposed summer school program incorporated a multi-sensory approach and utilized modifications consistent with Joshua's IEP. *Id.* at 8. In addition, the District did not offer social work services to Joshua as part of the summer school program. *Id.* at 10.

Hearing Officer Gordon denied Plaintiffs requested relief to place Joshua at the Learning Clinic, noting, "the offering by the School District is calculated to provide educational benefit and therefore it will not be required to provide a placement at the Learning Clinic." Interim Order at 8. In arriving at this conclusion, Hearing Officer Gordon stated that ". . . the program proffered by the Parents would not be the least restrictive environment, while the Summer Developmental/Remedial Program offered by the School District is in the least restrictive environment . . . " *Id.* at 9. Hearing Officer Gordon accepted the District's proposed summer school placement as appropriate and as being in the least restrictive environment for Joshua. *Id.* Moreover, Hearing Officer Gordon rejected Plaintiffs' request for social work services. *Id.* at 11. Therefore, as demonstrated by the record, Plaintiffs failed to obtain any benefit they sought pertaining to the issue of an extended school year. Plaintiffs, subsequently, sought clarification of the June 1, 1999 Interim Order. Def.'s Ex. D. In paragraph 9 of the Clarification of Decision and Order, the Hearing Officer noted that "the terms 'summer school' and 'extended school year' are interchangeable for purposes of understanding the Interim Decision and Order." *Id.*; Lambeth Aff., Def.'s Ex. E. at 3. Although they disagreed with the Interim Decision and Order, Plaintiffs' did not appeal it. Lambeth Aff. ¶ 15. Therefore, the court finds that Plaintiffs did not receive any benefit sought on the issue of an extended school year despite

their request for clarification regarding this issue.

Put somewhat differently, the Interim Order did not materially alter the legal relationship between the parties in the manner above defined. Hearing Officer Gordon rejected Plaintiffs' request for extended year services at the Learning Clinic, and adopted the District's recommended summer school program as the appropriate services for Joshua. Interim Order at 8, 9. These are the very same services that were offered to Plaintiffs as part of the District's offered settlement prior to the due process hearing. Hearing Officer Gordon also denied Plaintiffs' request for social work services for Joshua. *Id.* at 10.[2] In addition, the legal relationship of the parties was not altered as a result of the due process hearing because Joshua's teacher had already recommended that he attend the District's summer school program (Lambeth Aff. ¶ 9) and the District's summer school teachers planned to make modifications to Joshua's IEP as well as implement a multi-sensory learning strategy for Joshua. Lambeth Aff. ¶ 10; Interim Order at 9. In addition, the District had, in the past, allowed Joshua to attend the summer school program free of charge. Lambeth Aff. ¶ 3. Therefore, the court finds that the legal relationship between the parties was not materially altered (by modifying Defendant's behavior) in such a way that directly benefitted Plaintiffs.

In sum, the court finds that there is no genuine issue of material fact with respect to Plaintiffs' claim that they are a "prevailing party" entitled to an award of attorney's fees and costs pursuant to §1415(i)(3)(B). As stated, the court bases its ruling on the fact that Plaintiffs did not

---

[2]Hearing Officer Gordon also expressly found that the issue of an extended school year was raised at each IEP meeting and that none of the participants or their experts, including the Plaintiffs', raised any concerns regarding extended school year services at those meetings. Specifically, "[t]he evidence and testimony shows that the issue of extended school year was raised at every IEP meeting. There was never a request from the Parents for extended school year at any IEP meeting . . . " Interim Order at 1-2. Moreover, Hearing Officer Gordon did not find any procedural violations.

achieve any of the benefit they sought pertaining to extended school year services for Joshua. Based on the record, it is clear that Plaintiffs did not obtain any relief on the merits of its claim. The legal relationship between the parties was not materially altered in a way that directly benefitted Plaintiffs because the District's settlement offer pertaining to extended year school services for Joshua was identical to those services ordered by the Hearing Officer as a result of the due process hearing. In view of the foregoing, the court finds that there is insufficient evidence to create a genuine issue of material fact regarding Plaintiffs' claim.

## B. PLAINTIFFS' ARE BARRED FROM RECOVERING ATTORNEY'S FEES.

It bears noting that even assuming, *arguendo*, that Plaintiffs could meet the "prevailing party" standard as to the underlying administrative hearing, the court finds that they are statutorily barred from recovering attorney's fees. The IDEA even bars prevailing parties from recovering attorney's fees if (1) a school district makes a written offer of settlement more than 10 days before an administrative hearing; (2) the offer is not accepted within 10 days; and (3) the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement. 20 U.S.C. § 1415(i)(3)(D). *See Dell v. Bd. of Ed., T.H.S.D. 113*, 23 IDELR 636 (N.D. Ill. 1995); *citing Mr. L. & Mrs. L. v. Woonsocket Ed. Dept.*, 793 F.Supp. 41 (D. R.I. 1992) (declining to award fees where the parents' ultimate recovery was not more favorable than the school district's earlier offer); *Hyden v. Bd. of Educ.*, 714 F.Supp. 290 (M.D. Tenn. 1989) (declining to award fees to parents who prevailed at a due process hearing, where relief ordered was not materially different from school district's pre-hearing offer).

In this case, the District's attorney made a written offer of settlement to Plaintiffs' attorney on March 12, 1999. This offer was made more than 10 days prior to the commencement of the May

9

3, 1999 due process hearing. Plaintiffs, subsequently, rejected the District's offer and sought placement for Joshua at the Learning Clinic. Hearing Officer Gordon denied Plaintiffs' requested relief.

The extended year services ordered by Hearing Officer Gordon in her June 1, 1999 Interim Order are identical to those offered by the District in its March 12, 1999 written settlement. Lambeth Aff. ¶ 13. Both the settlement offer and the Interim Order provided that Joshua would be placed in the District's summer school program and that the District would incorporate modifications consistent with Joshua's IEP, at no cost to Plaintiffs. Lambeth Aff. ¶ 13. Plaintiffs gained nothing with respect to extended school year services at the due process hearing. The District's pre-hearing settlement offer of "summer school" was as favorable as the extended school year relief received by Plaintiffs at the hearing. Moreover, in her Clarification of Decision and Order, Hearing Officer Gordon clarified that "the terms 'summer school' and 'extended year school' are interchangeable for purposes of understanding the Decision and Order." Clarification of Decision and Order ¶ 9. Because the court finds that the District made an offer of settlement more than 10 days prior to the due process hearing, that Plaintiffs rejected the District's offer and that the relief granted to Plaintiffs as a result of the due process hearing was not more favorable than the offer of settlement, Plaintiffs are statutorily barred from recovering attorney's fees in this matter.

## CONCLUSION[3]

Based on the foregoing, Defendant's motion for summary judgement is granted, Plaintiffs' motion for summary judgment is denied and the cause is dismissed with prejudice.

---

[3]The court reviewed and considered all of the points raised by Plaintiffs, including some that were found impracticable and unnecessary to be addressed herein.

ENTER:

_Ian H. Levin_
IAN H. LEVIN
United States Magistrate Judge

Dated: August 30, 2001